IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division
In Admiralty

| | | |
|---|---|---|
| LAURITZEN BULKERS A/S, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:25-cv-1215 |
| | : | |
| TWIN PINES MINERALS, LLC, | : | |
| a Delaware limited liability company, | : | |
| | : | |
| **SERVE**: Clerk | : | |
| State Corporation Commission | : | |
| as Statutory Agent | : | |
| 1300 East Main Street | : | |
| Richmond, Virginia 23219 | : | |
| | : | |
| and | : | |
| | : | |
| THE CONSERVATION FUND, | : | |
| a Virginia nonprofit corporation, | : | |
| | : | |
| **SERVE**: INCORP SERVICES, INC. | : | |
| Registered Agent | : | |
| 7288 Hanover Green Drive, Ste A | : | |
| Mechanicsville, VA, 23111 | : | |
| | : | |
| Garnishee. | : | |

## VERIFIED COMPLAINT

Plaintiff LAURITZEN BULKERS A/S (Plaintiff or "LAURITZEN"), by counsel, brings this action against TWIN PINES MINERALS, LLC (Defendant or "TPM"), *quasi in rem*, pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims for issue of writs of maritime attachment and garnishment, and states as follows:

---

*Lauritzen Bulkers A/S v. Twin Pines Minerals, LLC*
Civil Action No. 1:25-cv-1215
Complaint

PENDER & COWARD, P.C.
www.pendercoward.com

## Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

2. Venue is proper in this District because Garnishee named herein is located and can be found in this District. Moreover, TPM cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

3. Plaintiff, LAURITZEN, is a corporation duly organized and existing pursuant to the laws of Denmark with offices and a place of business located at Tuborg Havnevej 15, 2900 Hellerup, Copenhagen, Denmark.

4. Defendant, TPM, is a foreign business entity organized and existing pursuant to the laws of Delaware with principal offices and a place of business located at 2100B Southbridge Parkway, Suite 540, Birmingham, Alabama 35209 and/or 4599 East Lake Boulevard, Birmingham, Alabama 35217.

5. Garnishee, The Conservation Fund, has a principal office address of 1655 Fort Meyer Drive, Suite 1300, Arlington, VA 22209. Garnishee is an entity registered to do business in this District. Upon Information and belief as noted in the attached **Exhibit 1**, the Garnishee holds property, including funds, in which TPM has an interest.

## Facts

6. On or about July 11, 2022, Plaintiff, LAURITZEN, as Owners, and Defendant, TPM, as Charterers, entered into a 14-month contract of affreightment ("Charter Party" or "COA") for the ocean transportation of 12 cargoes of ilmenite sand from Stockton, California to Malaysian

---

*Lauritzen Bulkers A/S v. Twin Pines Minerals, LLC*  
Civil Action No. 1:25-cv-1215  
Complaint

PENDER & COWARD, P.C.  
www.pendercoward.com

Page 2 of 7

and Chinese ports, and, on or about December 27, 2022, the COA was then extended for an additional 13 cargoes over 15 months.

7. Defendant breached the Charter Party by unlawfully and in contravention of the agreed-upon terms failing to nominate and load three cargoes under the original term of the COA and then all fifteen cargoes under the extension, resulting in damages as called for under the COA in the amount of $6,361,261.00.

8. As a result of the foregoing, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the Charter Party agreement and at law.

9. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

10. Despite Plaintiff's demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement and at law.

11. Pursuant to the Charter Party, disputes are to be settled by arbitration in London, and Plaintiff has commenced such arbitration against Defendant.

12. This action is brought to obtain security in favor of Plaintiff with respect to Plaintiff's claims against Defendant and in aid of the London Arbitration proceedings.

13. This action is further brought to obtain security for the additional sums which are recoverable, including Plaintiff's anticipated attorney and arbitrators' fees and costs in the London Arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

14. As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

*Lauritzen Bulkers A/S v. Twin Pines Minerals, LLC*  
Civil Action No. 1:25-cv-1215  
Complaint

PENDER & COWARD, P.C.  
www.pendercoward.com

Page 3 of 7

| | |
|---|---:|
| Principal Claim | $6,361,261.00 |
| Compounded Interest (for a period of five years at 7.5%) | $2,771,151.84 |
| Attorneys' and Expert's Fees, Court Expenses | $ 250,000.00 |
| **Total** | **$9,382,412.84** |

15. Plaintiff has previously secured a Supplemental Rule B Attachment against property owned by Defendant in Colorado. **Exhibit 2**. However, the value associated with the attachment will only cover $1,962,000.00 of the damages sought in the arbitration.

### Count I – Maritime Attachment and Garnishment – Rule B

16. Plaintiff incorporates all previous allegations as if fully set forth herein.

17. Plaintiff now sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

18. No security has been posted for Plaintiff's claims by Defendant or anyone acting on Defendant's behalf.

19. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

20. Defendant cannot be found, within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court including, but not limited to, a portion of the purchase funds for property owned by Defendant in Georgia, which are now believed to be due and owing to Plaintiff.

*Lauritzen Bulkers A/S v. Twin Pines Minerals, LLC*
Civil Action No. 1:25-cv-1215
Complaint

PENDER & COWARD, P.C.
www.pendercoward.com

Page 4 of 7

21. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, real estate, real property, warehouses and/or other assets belonging to, due or for the benefit of Defendant, including, but not limited to, such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at or within the possession, custody or control of banking institutions including, but not limited to, the aforesaid Garnishee and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

22. Pursuant to Supplemental Rule B(3)(a), Interrogatories are served with this Complaint.

WHEREFORE, Plaintiff prays:

A. That process in due form of law be issued against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court directs the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1, et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, any garnishee upon whom a copy of the

---

*Lauritzen Bulkers A/S v. Twin Pines Minerals, LLC*
Civil Action No. 1:25-cv-1215
Complaint

PENDER & COWARD, P.C.
www.pendercoward.com

Process of Maritime Attachment and Garnishment may be served, in the amount of $7,420,412.84 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

      C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

      D.    That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated: July 22, 2025

              Respectfully submitted,

              LAURITZEN BULKERS A/S

              By: /s/ Thomas S. Berkley
                    Of Counsel

Thomas S. Berkley, Esquire
(VSB #40124)
tberkley@pendercoward.com
Scott B. Ingram, Esquire
(VSB #98236)
singram@pendercoward.com
PENDER & COWARD
333 W. Freemason Street, Suite 100
Norfolk, VA 23510
(757) 502-7344 Phone/Fax

*Lauritzen Bulkers A/S v. Twin Pines Minerals, LLC*      PENDER & COWARD, P.C.
Civil Action No. 1:25-cv-1215     www.pendercoward.com
Complaint

Page 6 of 7

## VERIFICATION

I am an attorney with the law firm of Pender & Coward, P.C. and counsel to Plaintiff. The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District and also for any corporate registration of Defendants in the Commonwealth of Virginia. There is no record of any general or resident agent authorized to accept service of process for Defendants in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2025.

_____
Thomas S. Berkley
/s/ Thomas S. Berkley

COMMONWEALTH OF VIRGINIA,
AT LARGE, to-wit:

The foregoing instrument was acknowledged before me in the City of Virginia Beach, Commonwealth of Virginia this 22nd day of July, 2025, by Thomas S. Berkley, who is personally known to me.

_____
Notary Public
Diane C. Stone, commissioned as Diane C. Reid

My commission expires: February 28, 2026
My registration number: 7019303

---

*Lauritzen Bulkers A/S v. Twin Pines Minerals, LLC*
Civil Action No. 1:25-cv-1215
Complaint

PENDER & COWARD, P.C.
www.pendercoward.com